Dear Mr. Hughes,
You have requested an opinion of this office regarding the validity of a salary increase approved by the West Feliciana Parish Police Jury for the parish manager.
Effective the first day of March, 2008, the West Feliciana Parish Police Jury entered into an employment contract with an individual to act as parish manager. Under the original contract, a copy of which was enclosed with your request, the salary for the parish manager was set at $75,000 per year. The salary provision states as follows:
Compensation. The Police Jury shall pay Employee a salary of $75,000 per year through January 9, 2009. Subsequent year salary increases (effective on January 9th of each year) shall be tied to annual inflation based on the Consumer Price Index (CPI-U) calculated at the end of each calendar year. Salary payments shall be subject to withholding and other applicable taxes and such additional withholdings as required by law or otherwise authorized by Employee.
At its regular meeting on February 10, 2009, the police jury approved an annual salary increase of $5,000.00 per year for the parish manager. Then, at its regular meeting on December 8, 2009, the police jury approved an additional salary increase for the parish manager in the amount of $25,000.00 per year. *Page 2 
The contract was not amended to reflect either increase approval but the parish has been paying the parish manager the increased salary since its approval.
According to your request, the police jury made its decisions to approve pay raises for the parish manager based on information presented by the parish manager regarding comparable salaries for similar positions around the State. There is some disagreement as to whether the information presented to the police jury regarding comparable salaries was accurate and correct or whether misleading information was intentionally presented to the police jury for the purpose of obtaining counsel approval for the salary increases.
You have asked whether, under the terms of the parish manager's existing employment contract, which has yet to be amended to reflect the vote of the police jury to grant raises to the parish manager, or under the law, the salary increases passed by the police jury are valid contractual obligations of the police jury from the effective date of the action resulting in each increase. You also ask whether the (alleged) misrepresentation of the comparable salaries as presented to the police jury invalidates the action taken on the issue of the salary increases, presumably granted in reliance on the misrepresented information.[1]
Initially, we note that police juries are authorized to employ a parish manager by La.R.S. 33:1236.1, which provides that "[t]he police jury shall have the power and authority to employ a parish manager and an assistant parish manager and to fix their salaries for a term not to exceed that of the police jury, who shall be registered voters in the parish."
Your opinion request included minutes from the police jury meetings where the two raises were approved. The minutes show that the motions were properly introduced, seconded, and approved. However, the parish manager's employment contract was never amended to reflect these salary increases as required by the following provision of the employment contract:
Waiver or Modification Ineffective Unless in Writing. No waiver or modification of this agreement or of any covenant, condition, or limitation herein contained shall be valid unless in writing and duly executed by the party to be charged therewith. Furthermore, no evidence of any waiver or modification shall be offered or received in evidence in any proceeding, arbitration, or litigation between the parties arising out of or affecting this agreement, or the rights or obligations of any party hereunder, unless such waiver or *Page 3 
modifications is in writing, duty executed as aforesaid. The provisions of this paragraph may not be waived except as herein set forth.
Police juries have control over the public fisc in their respective parishes. Thus, the parish manager's employment contract could not have been amended to grant him a raise without the police jury first voting to approve the raise. Because the terms of the contract provide that modifications to the contract are valid only when "in writing and duly executed by the party to be charged therewith," it is our opinion that the police jury has had no contractual obligation to pay the parish manager the increased salary from the time the raises were approved and will have no such obligation until the contract is properly amended. Since the police jury has already approved the raises and there has been no vote to rescind the votes granting the raises, the police jury should amend the employment contract to reflect the action it has already taken (i.e., approving the raises).[2]
Once properly executed, the salary increases paid pursuant to the amendment would be legally authorized. If the contract is not amended, the validity of any payments already made to the parish manager pursuant to the resolutions passed by the council as well as future payments at the increased rate will have to be determined by a court of competent jurisdiction and may be subject to the parish manager's claims of quantum meruit or unjust enrichment.
Next, assuming, arguendo, that the parish manager intentionally presented the police jury with information which misrepresented the salaries of other parish managers and/or other comparable positions for the purpose of getting a raise approved and the contract amended, there is a question of whether the raises can be rescinded. It is our understanding that the police jury chose to grant the parish manager two raises in an attempt to bring his pay in line with other parish managers of similar size parishes and in reliance upon the salary information the parish manager presented to the police jury. If the information that was presented to the police jury did contain material misrepresentations that were relied upon, the police jury may be able to rescind the raises by passing a subsequent resolution. Again, whether a material misrepresentation occurred is a factual determination that our office cannot make.
Accordingly, it is the opinion of this office that the police jury should execute an amendment to the parish manager's employment contract evidencing the raises granted by the police jury to the parish manager in two resolutions. In doing so, the raises granted to the parish manager by the police jury would be legally authorized and constitute valid legal obligations from the date of the action resulting in each increase. If the police jury believes that the raises were *Page 4 
approved based on information that contained material misrepresentations, it may choose to rescind or terminate the salary increase by passing a subsequent resolution.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
By:_________________ Lindsey K. Hunter Assistant Attorney General
JDC/LKH/chb
[1] A response to your second question requires our office to assume that the parish manager misrepresent the facts presented to the police jury relating to comparable salaries, whir something the police jurors, police jury president and parish manager disagree on. The qu of whether the parish manager intentionally pertinent salary misrepresented information police jurors is a factual determination that our office cannot make.
[2] We offer no opinion on the potential liability the police jury may face in an action brought against the police jury by the parish manager if the jury chooses to rescind the raises.